JOHN DUNLOP, Plaintiff, *v.* THE PATERSON FIRE INSURANCE COMPANY, Defendant.

JAMES JACKSON, Receiver of the PATERSON FIRE INSURANCE COMPANY, Appellant, *v.* THE CHEESBOROUGH MANUFACTURING COMPANY AND OTHERS, Respondents.

*Foreign corporation — attachment of property of — effect of appointment of receiver in another State — Money deposited with court — attachment of.*

The property of a foreign corporation, actually within this State, is liable to attachment in a suit brought by a creditor here, although a receiver of the corporation has been appointed in another State.

The title acquired by a receiver subsequently appointed in this State, is subject to any lien that may have been acquired by an attaching creditor.

Money deposited with the clerk of a court, in lieu of a bond on appeal, is liable to attachment in another action brought against such depositor, such attachment binding the reversionary or contingent interest of the depositor therein.

APPEAL from an order made at Special Term denying a motion to set aside a levy on certain moneys, made under two attachments issued against the Paterson Fire Insurance Company, one in an action by the Cheesborough Manufacturing Company, the other in an action brought by one Schneider, and denying leave to the receiver, appointed in the first above-entitled action, to come in to the actions in which such attachments were issued, for the purpose of moving to set aside the attachment and order of publication granted therein.

The attachments were issued against the insurance company (a foreign corporation), and a levy made thereunder on the sum of $2,000, deposited by the insurance company with the clerk of the City Court of Brooklyn, as security upon an appeal in an action in which the insurance company was appellant. At this time a receiver of the goods, etc., of the insurance company had been appointed in the State of New Jersey. The plaintiff in the second action was, after such levy, appointed receiver of the insurance company in the State of New York.

*Preston Stevenson,* for the receiver, appellant. This application

is regularly made. A receiver seeking relief against any person interfering with the discharge of his official duties must apply originally in the action in which he was appointed, and persons praying relief against him must apply in the same manner. (*Rich* v. *Loutrel*, 18 How., 121; *In re Gutta Percha Co.*, 17 id., 549; *Steele* v. *Sturges*, 5 Abb., 442; *Riggs* v. *Whitney*, 15 id., 388; *Dickerson* v. *Van Time*, 1 Sandf., 724; *Vincent* v. *Parker*, 7 Paige, 65; *Albany City Bank* v. *Schermerhorn*, 10 id., 263; *De Groot* v. *Jay*, 30 Barb., 483; *Winfield* v. *Bacon*, 24 id., 160; *In re Harmony Ins. Co.*, 45 N. Y., 310; *Rinn* v. *Astor Ins. Co.*, 59 id., 145; T. & S. Practice, vol. 1, p. 766, *et seq.*; *Russell* v. *E. Anglian Railway Co.*, 3 Mac. & G., 112, *et seq.*) The fund upon which the sheriff of Kings county claims to have made a levy is not attachable. It is *in custodia legis*. Any interference with it, other than by the jurisdiction under which it is first secured, and in the same proceeding, is absolutely void and of no effect. (*Taylor et al.* v. *Carryl*, 20 How. [U. S.], 583, citing English and American cases, especially at page 594, *et seq.*, per McLEAN, J., and at page 607, *et seq.*, per TANEY, Ch. J.; *Freeman* v. *Howe et al.*, 24 id., 450, and cases cited.) The clerk of the City Court of Brooklyn has given no certificate, nor will he do so. Can he be attached as for a contempt of this court? (*William* v. *Benedict*, 8 How. [U. S.], 107; *Hagan* v. *Lucas*, 10 Peters, 400; *Peale* v. *Phipps*, 14 How. [U. S.], 374; *Peck* v. *Jenness*, 7 id., 612; *Payne* v. *Drewe*, 4 East, 523.) The principle contended for has been expressly decided in this State in the case of sheriffs attempting to levy upon the proceeds of executions in their hands, in behalf of creditors of the execution creditor. (*Muscot* v. *Woolworth*, 14 How., 477; *Baker* v. *Kenworthy*, 41 N. Y., 215; Wait's Practice, vol. 2, p. 161; see, also, Drake on Attachment [4th ed.], § 251, and cases cited in note 3, also § 503, *et seq.*; *Crane* v. *Freese*, 1 Har. [N. J.], 305; *Shinn* v. *Zimmerman*, 3 Zab. [N. J.], 150.) Numerous authorities upon the precise case at bar, *i. e.*, money in court or in the hands of clerks, have determined the point beyond dispute in favor of the appellant here. (Wait's Practice, *supra;* Crary's Special Proc. [5th ed.], vol. 1, p. 112; Drake on Attachment [4th ed.], §§ 251, 492, *et seq.*, 509, *et seq.*, and cases cited; and especially *Alston* v. *Clay*, 2 Haywood [N. C.], 171; *Hunt* v. *Stevens*, 3 Iredell [N. C.], 365; 7 Gill &

Johns. [Ct. App., Md.], 421; 7 Humphreys [Tenn.], 132; 3 Hill [S. C.], 12; 1 Murphey [N. C.], 48; Sargeant on Attachment, 89; Locke on Attachment, 33, 44.)

*Coudert Bros.*, for the respondent.

DAVIS, P. J. :

The attachment of the Cheesborough Manufacturing Company was sued out and levied before the appellant was appointed receiver of the property of the Paterson Fire Insurance Company in this State. At that time the property of the insurance company, actually within this State, was liable to attachment at the suit of creditors here, notwithstanding a receiver had been appointed in New Jersey.

The property levied on by virtue of the attachment was the sum of $2,000, then in the hands of the clerk of the City Court of Brooklyn, in lieu of a bond on appeal by the insurance company from a judgment recovered against it in that court to the General Term of the same court.

In a certain sense the money was in *custodia legis*, and the attachment could not affect the possession of the clerk, nor divert the money in any wise from the special objects and purposes for which it was deposited. But, for other purposes, the title of the money remained in the insurance company, and in the event of two contingencies its rights thereto would be as complete as before the deposit : First, if the judgment should be reversed, the money would belong wholly to the insurance company, and could be withdrawn by the depositor; second, in case of an affirmance, the residue of the money, if any, after satisfying the judgment and all costs, would belong absolutely to the company, and could also be withdrawn.

No attempt was made to interfere with the possession or control of the clerk. The effort was merely to secure, by the attachment, whatever rights, reversionary or otherwise, the insurance company had therein. Those rights were property, and we see no sound reason why they should not be attachable at the suit of a creditor. The service of the attachment and notice thereof upon the clerk was not a contempt of the City Court, as an attempt to take the money from the clerk might be, but it was analogous to an attachment upon moneys in the hands of any other depositary who has

a lien or claim which entitles him to keep the possession as against the owner and the attaching creditor. In all such cases the levy of the attachment is good to the extent of the real interest of the creditor as it then exists or may subsequently be ascertained.

When the receiver was subsequently appointed in this State the title or interest which he took, was and is subject to the prior lien acquired by the attaching creditor. We see no reason, therefore, for setting aside the levy of the attachment.

The application, to be allowed to come in and move to set aside the attachment and order of publication, was not based on very meritorious grounds. It was not an absolute right, but the motion was addressed to the discretion of the court. We think the discretion was not abused, and that the order should be affirmed, with costs and disbursements.

BRADY and INGALLS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.